UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KASEEN COLEBUT | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:02-cv-535 (JCH) |
| | : | |
| EDWARD PESANTI, et al. | : | NOVEMBER 24, 2003 |

**RULING ON MOTION TO REOPEN [Dkt. No. 20]**

Plaintiff, Kaseen Colebut ("Colebut"), paid the filing fee to commence this action. Now pending is Colebut's third motion to reopen judgment.

On July 10, 2002, Colebut was directed to serve the complaint on the defendants in their individual capacities pursuant to Rule 4, Fed. R. Civ. P., and to file a return of service on or before November 18, 2002. Colebut was cautioned that failure to file a return including evidence of service on each defendant would result in dismissal of the case against any defendant for whom a return was not provided.

On November 18, 2002, Colebut filed a motion asking the court to order the U.S. Marshal to serve the complaint because no defendant had responded to his attempt to effect service by mail. On December 20, 2002, the court denied Colebut's motion, again informing him that he was not entitled to have the complaint served by the U.S. Marshal. The court ordered Colebut to effect service on the defendants and to file a return on or before February 13, 2003. When Colebut neither filed returns of service nor sought an extension of time to complete service, the court dismissed this action without prejudice on

March 17, 2003.

On April 3, 2003, Colebut filed a motion to reopen judgment. He provided returns of service indicating that an indifferent person delivered copies of the notice and waiver forms to the Office of the Attorney General for defendants Malcolm, Goodhue and Pesanti on February 13, 2003, and to defendant Sullivan on February 12, 2003. The court determined that the attempted service was insufficient for several reasons. On May 15, 2003, the court denied the motion to reopen, explained the proper way to effect service and afforded Colebut until June 27, 2003, to file another motion to reopen judgment accompanied by evidence that the defendants have been served properly. (Dkt. No. 14).

On June 23, 2003, Colebut filed his second motion to reopen judgment. In this motion, he states that he asks the court to reopen this case so that he would have an opportunity to effect service. In addition, Colebut submitted photocopies of return receipts indicating that Colebut had mailed something to each defendant by certified mail. The court denied the second motion to reopen judgment because Colebut had not complied with the court's May 15, 2003 order and noted that the copies of the return receipts did not alter the court's determination that Colebut had not effected proper service on the defendants.

In this, the third motion to reopen judgment, Colebut provides a copy of a return indicating that service on the defendants was attempted by leaving copies of complaint at

the Office of the Attorney General.  Colebut cites a state statute describing the proper method for effecting service on the State of Connecticut as support for his contention that he has served the defendants properly.

Colebut has named the defendants in their individual capacities only.  He has not named them in their official capacities, as state officials or representatives.  Thus, the requirements for effective service on the State of Connecticut are inapplicable.  Rule 4 of the Federal Rule of Civil Procedure, requires that personal service be effected in accordance with state law.  Under Connecticut General Statutes § 52-57(a), an individual may be served with process by delivering the process to the defendant or leaving it at the defendant's usual place of abode.  Because Colebut has not effected proper service on any defendant, his motion to reopen [**Dkt. No. 29**] is **DENIED**.

**SO ORDERED**.

Dated this 24th day of November, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge